## Commonwealth ex rel. Oveido *v.* Baldi.

PER CURIAM, May 4, 1943:
The relator was indicted for what is commonly known

as 'statutory rape', tried and found guilty, and was sentenced on May 26, 1942, to two years in the Philadelphia County Prison. In this petition for writ of habeas corpus he claims that he should have been sentenced under the indeterminate sentence law of June 19, 1911, P. L. 1055, as amended by Act of June 29, 1923, P. L. 975, No. 397, sec. 1, 19 PS §1057 to not less than one year nor more than two years imprisonment, and that he will be eligible for parole on May 26, 1943. We are of opinion that he is right in his contention.

The Act of 1911, P. L. 1055, provided in section 6 that "Whenever any person, convicted in any court of this Commonwealth of any crime, shall be sentenced to imprisonment in any penitentiary of the State, the court, instead of pronouncing upon such convict a definite or fixed term of imprisonment, shall pronounce upon such convict a sentence of imprisonment for an indefinite term: stating in such sentence the minimum and maximum limits thereof;" etc.

Had that act remained unchanged the sentence imposed on the relator would have been correct.

But the Amendment of 1923, P. L. 975, supra, changed that section.

It provides, inter alia, "Whenever any person convicted in any court of this Commonwealth of any crime *punishable by imprisonment in a State penitentiary* [1] shall be sentenced to imprisonment *therefor* in any penitentiary *or other institution of this State, or in any county or municipal institution,* the court, instead of pronouncing upon such convict a definite or fixed term of imprisonment, shall pronounce upon such convict a sentence of imprisonment for an indefinite term: Stating in such sentence the minimum and maximum limits thereof; ...... *and the minimum limit shall never exceed one-half of the maximum sentence prescribed by any court.*"

---

[1] The material changes are italicized.

The word 'punishable' as used in the expression 'punishable by imprisonment in a State penitentiary' means 'liable to punishment' or 'capable of being punished,'[2] by imprisonment in a State penitentiary.

Rape is a crime punishable by imprisonment in a State penitentiary. The fact that section 721 of the Criminal Code of 1939, P. L. 872, pp. 958-9, authorizes the court to sentence a defendant convicted of rape to imprisonment, by separate or solitary confinement at labor—which is the equivalent of imprisonment in a penitentiary[3]—or to simple imprisonment, does not alter the fact that a defendant convicted of rape is 'liable to punishment' or is 'capable of being punished' 'by imprisonment in a state penitentiary'.

Accordingly the sentence will be amended as of May 26, 1942 so as to read "imprisonment in the Philadelphia County Prison for a term of not less than one year nor more than two years".

---

[2] Oxford New English Dictionary.

[3] Act of March 31, 1860, P. L. 427, sec. 74, as amended by Acts of Feby. 28, 1905, P. L. 25 and July 17, 1935, P. L. 1165; *Com. v. Arbach,* 113 Pa. Superior Ct. 137, 139, 172 A. 311.