## Commonwealth *v.* DiCarlo, Appellant.

Argued October 12, 1953. Before RHODES, P. J., RENO, ROSS, GUNTHER and WOODSIDE, JJ.

*Louis F. McCabe,* for appellant.

*Samuel Dash,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY GUNTHER, J., December 29, 1953:

This appeal is from the judgment and sentence on a conviction of assault and battery upon a police officer in Philadelphia. This defendant was tried together with two co-defendants on charges of assault and battery arising from an attack upon two citizens on a public street. DiCarlo was convicted of assault and battery on two indictments and he received a suspended sentence on one conviction and a sentence of six to twenty-four months on the other, from which latter sentence he is appealing.

The only question raised is whether there was fundamental error in the charge in relation to the evidence on which this particular conviction was based. The evidence on this charge discloses that, as the police officer was attempting to separate the other defendants from their victims, DiCarlo came from behind and grabbed the officer's night stick from his hand. As DiCarlo ran away, the officer drew his revolver and ordered the defendant to halt and drop the club,

which he did. DiCarlo testified that he seized the club because the officer was about to strike one of the co-defendants with it, and that he did not realize it was a police officer, although the officer was in uniform.

The applicable portion of the charge reviewed the evidence, set forth the law as to assault and battery, and concluded with the following: "If you find from the evidence of the defendants that Rizzo (the police officer) was about to strike Marucci without any justification under the circumstances, then you can acquit DiCarlo of the charge of assault and battery because he would only be doing a humane act. On the other hand, if you accept the evidence of the Commonwealth, you should convict DiCarlo of assault and battery upon Rizzo." The defendant contends that the charge improperly placed on him the burden of proving justification and that it omitted any instructions as to the defendant's state of mind and the reasonableness of his actions.

Only a general exception was taken to the charge and no specific instructions were requested. Further, the issues now raised were not raised in the motions for a new trial, but were urged upon the court below for the first time after argument on the motions. This matter is therefore not properly before us. The court below may not be charged with error where the matter complained of was not brought to its attention in the motion for a new trial. *Commonwealth v. Neuman,* 151 Pa. Superior Ct. 642, 30 A. 2d 698.

However, an examination of the charge reveals no fundamental error, which is the only matter that can properly be argued where only a general exception was taken. *Commonwealth v. Moskorison,* 170 Pa. Superior Ct. 332, 85 A. 2d 644. The charge fully reviewed the evidence, defined assault and battery and gave the

jury a proper choice under the circumstances. It was proper not to charge that the jury must acquit if the officer was acting without justification, for the defendant, even then, would have no absolute right to intervene. The omission to instruct further as to defendant's state of mind was harmless, at most, for the matter of intent was discussed under the definition of the crime itself. The defendant cannot now complain of the omission, having failed to ask for specific instructions, unless it can be shown that the omission contributed to the verdict. *Commonwealth v. Bozzi,* 169 Pa. Superior Ct. 206, 82 A. 2d 303.

Judgment of sentence affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called for compliance with the sentence.