Commonwealth ex rel. Green, Appellant, *v.* Keenan.

104

Argued April 15, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Edward L. Green,* appellant, in propria persona, submitted a brief.

*Damian McLaughlin,* District Attorney, for appellee.

OPINION BY WRIGHT, J., July 13, 1954:

On April 19, 1952, Edward L. Green was the operator of a motor vehicle involved in a collision, as the result of which a passenger in the other vehicle received fatal injuries. In the subsequent investigation it was discovered that Green's operating privilege had been suspended. He was indicted at No. 2 September Sessions, 1952, for involuntary manslaughter, and at No. 89 September Sessions, 1952, for operating a motor vehicle while his license was suspended. On September 5, 1952, he entered a plea of guilty to both charges. He was sentenced on bill No. 89 to undergo imprisonment in the Allegheny County Workhouse for an indefinite term, the minimum being six months and the maximum one year. On bill No. 2 he was sentenced to undergo imprisonment in the Allegheny County Workhouse for an indefinite term, the minimum being one year and six months and the maximum three years, to run consecutively. Green has appealed from an order dismissing his petition for a writ of habeas corpus.

The first of appellant's two principal contentions is that his sentences should have been for fixed or definite terms, rather than for indefinite terms. Prior to the Act of September 26, 1951, P. L. 1460, further amending the Act of June 19, 1911, P. L. 1055, §6, as amended by the Act of June 29, 1923, P. L. 975, 19 PS 1057, appellant's position would have been well founded. In *Commonwealth ex rel. Oveido v. Baldi,* 152 Pa. Superior Ct. 340, 31 A. 2d 753, we pointed out that the original statute applied only to crimes

punishable by imprisonment in a state penitentiary. As last amended, however, the statute now contains the provision that, "Whenever any person is convicted of any crime punishable by simple imprisonment, the court may, in its discretion, pronounce a sentence either for a fixed term or for an indefinite term, as may seem proper under the circumstances of the case, but in no case to exceed the maximum term prescribed by law as a penalty for such offense".

Appellant nevertheless argues that the imposition of an "indeterminate"[1] sentence for an offense punishable only by simple imprisonment is "arbitrary" since all offenders in the same class are not treated alike, in that one may be given a fixed sentence while another may be given an indefinite sentence to the same type of prison for the same crime. A sentence for an indefinite term must be deemed a sentence for the maximum term prescribed by law as a punishment for the offense committed: *Commonwealth ex rel. Carmelo v. Smith,* 347 Pa. 495, 32 A. 2d 913. The maximum term in an indefinite sentence is the real sentence: *Commonwealth ex rel. Monaghan v. Burke,* 169 Pa. Superior Ct. 256, 82 A. 2d 337. Appellant could have been sentenced for a term of not more than three years for operating a motor vehicle while his license was suspended, and for a term of not more than three years for involuntary manslaughter. The sentences actually imposed by the trial judge did not exceed these limits. The legislature has exclusive power to determine the penological system of the Commonwealth, and it alone can prescribe the punishments to be meted out for crime. It can provide for fixed penalties or grant to the courts such measure of discretion in the imposition of sentences as it may see fit: *Commonwealth ex rel.*

---

[1] The terms "indefinite" and "indeterminate" are synonymous.

*Banks v. Cain,* 345 Pa. 581, 28 A. 2d 897. The imposition of indefinite sentences is not discriminatory. See *Commonwealth v. Sweeney,* 281 Pa. 550, 127 A. 226.

Appellant next contends that he should have been sentenced on only one bill of indictment because both offenses grew out of one act, so that "the major crime swallowed up the minor offense". He relies upon *Commonwealth ex rel. Schultz v. Smith,* 139 Pa. Superior Ct. 357, 11 A. 2d 656. That case involved a number of charges growing out of the same sexual act, and the factual situation presented was obviously different from that in the case at bar. The proposition advanced by appellant does not apply where one offense is not necessarily involved in another, but actually constitutes a separate and distinct crime. The true test of whether one criminal offense has merged in another is not whether the two criminal acts are successive steps in the same transaction but whether one crime necessarily involves the other: *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A. 2d 920; *Commonwealth v. Comber,* 374 Pa. 570, 97 A. 2d 343. In the case at bar, the two offenses, while occurring at the same time, were separate and distinct and did not merge.[2] As was said by President Judge Evans: "Had the defendant elected to go to trial on these charges the district attorney would have been required to prove facts in one case not necessary for the disposition of the other. The offenses are separate and distinct and

---

[2] It should be noted that the offense of involuntary manslaughter could not have been based merely upon the fact that appellant was operating during a period when his license was suspended. See *Commonwealth v. Williams,* 133 Pa. Superior Ct. 104, 1 A. 2d 812; *Commonwealth v. Aurick,* 138 Pa. Superior Ct. 180, 10 A. 2d 22. The unlawful act must be more than an attendant condition; it must be the proximate cause of the death: University of Pittsburgh Law Review, Vol. 5, page 58.

it is immaterial that the discovery that the defendant was driving without a license occurred at or during the investigation concerning the offense of manslaughter". See *Commonwealth v. Falls and Sykes*, 107 Pa. Superior Ct. 129, 162 A. 482.

Appellant also contends that the court below erred in not holding a hearing and taking testimony. We recently pointed out in *Commonwealth ex rel. Perino v. Burke*, 175 Pa. Superior Ct. 291, 104 A. 2d 163, that where the petition, answers and original record disclose only questions of law, a hearing is not required. Since the petition failed to make out a case entitling appellant to relief, it was properly dismissed without hearing: *Commonwealth ex rel. Comer v. Maroney*, 174 Pa. Superior Ct. 494, 102 A. 2d 227.

Order affirmed.