## Commonwealth *v.* Donaducy, Appellant.

Argued April 15, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Edward G. Petrillo,* with him *Robert H. Chase,* for appellant.

*Damian McLaughlin,* District Attorney, for appellee.

*Willard Hetzel, Matthew W. Bullock, Jr., Julian E. Goldberg* and *Herbert Monte Levy* filed a brief for American Civil Liberties Union, amicus curiae.

OPINION BY Ross, J., July 13, 1954:

This is a prosecution for criminal libel under the Act of June 24, 1939, P. L. 872, par. 412, 18 PS sec. 4412. Before trial, the defendant filed a motion to quash the indictment, which motion was refused. The jury returned a verdict of guilty, the defendant's motion in arrest of judgment was refused, and after sentence was imposed he took this appeal.

The defendant contends that the court below erred in refusing to sustain his motion to quash the indictment and his subsequent motion in arrest of judgment. Both motions are based upon an alleged infirmity in the indictment in that "it does not set forth extrinsic facts to show the person to whom the publication referred when the publication itself did not name the

person at whom it was aimed". Consequently, the only question before us is the sufficiency of the indictment.

The indictment reads in part as follows: ". . . one JOHN NICHOLAS DONADUCY . . . unlawfully and maliciously contriving and intending to injure and vilify the good name and reputation of one LaVERNE CHELLIS . . . and to expose the said LaVERNE CHELLIS to public hatred, contempt and ridicule, did then and there unlawfully, wilfully and maliciously compose, write, and did wilfully, maliciously and unlawfully print and publish in a certain newspaper of general circulation, to wit: 'JACK DUCY'S TOWN CRIER', a certain false, scandalous, malicious and defamatory libel of and concerning her, the said LaVERNE CHELLIS . . ." Thereafter in the indictment was recited the entire article published, the gist of the article being that an unnamed woman, over a period of time, had been having an illicit affair with a married man. The woman was variously described as a "buxom brunette of Latin vintage", a "raven-haired, owl-eyed social worker" and "home-wrecking social worker". On these and other occasions when the person described was allegedly the prosecutrix, LaVerne Chellis, there was inserted in the text of the article as quoted in the indictment the parenthetical phrase "(meaning La-Verne Chellis)".

The indictment concludes: "And by means of this publication and circulation of said false, scandalous, malicious and defamatory libel, he, the said JOHN NICHOLAS DONADUCY (JACK DUCY) did thereby, then and there unlawfully, wilfully and maliciously expose her, the said LaVerne Chellis, to public hatred, contempt and ridicule, to the great damage, disgrace, scandal and infamy of her, the said LaVerne Chellis, and he, the said JOHN NICHOLAS DONADUCY, did commit the crime of libel. . . ."

It is clear that the indictment in this case meets the standards required in this Commonwealth as set forth, inter alia, in *Com. v. Wooden,* 94 Pa. Superior Ct. 452, and *Com. v. Bovaird,* 373 Pa. 47, 95 A. 2d 173. It informs any person who reads it that the defendant is charged with publishing in a newspaper, on or about February 18, 1953, an article which was libelous as to LaVerne Chellis. That the defendant so understood it is evidenced by the defense he interposed at the trial. He attempted to show that LaVerne Chellis had in fact done the things attributed to the woman adverted to but not named in the newspaper story, and he attempted to justify publication of the article by stating that his purpose in doing so was to effect a reconciliation between the errant husband and his wife, and for benefit of the public.

The defendant relies solely on *Com. v. Swallow,* 8 Pa. Superior Ct. 539, which was also a prosecution for criminal libel. In our opinion, the holding of the *Swallow* case is of no help to the defendant. In that case the allegedly libelous article read in part as follows: "5. That in the purchase of materials and labor, for making additions, alterations, repairs and refurnishing the Capitol buildings, and cellars and grounds, also for the Executive Mansion, and now for Grace Church, the State has lost many thousands of dollars as the result of an unfair system of competitive bidding. In other words, that the cost to the State has been two, three, four, and as high as eight times in some instances as much as it should have been, and that not all of this money went to the persons furnishing the materials and labor, and further that at least some of the Board of Public Grounds and Buildings custodians have guilty knowledge of this excessive cost". (page 545). To explain the persons referred to by "at least some of the Board of Public Grounds and Buildings custodians"

the Commonwealth inserted thereafter in the indictment the following: "(meaning the said Daniel H. Hastings, Amos H. Mylin, Benjamin J. Haywood and John C. Delaney, and meaning the said Daniel H. Hastings, Amos H. Mylin and Benjamin J. Haywood, as such members of and composing the said board of commissioners of public grounds and buildings, as aforesaid, and the said John C. Delaney, as such superintendent of public grounds and buildings)". (page 560). The indictment was held sufficient.

In the case at bar, the indictment quotes the allegedly libelous article and parenthetically indentifies the victim in the manner following: " 'A professional keyhole sleuth in quest of philandering evidence about a year ago used binoculars to observe the necking and "maneuvering" going on in the back seat of a car parked in a westside, lakefront ballpark at four in the morning. Its occupants were a 50-year-old Fourth Ward bartender, . . . and a buxom brunette of Latin vintage (meaning LaVerne Chellis), employed by the state to attend the needs of the indigent." To make the instant indictment conform to that approved in the *Swallow* case the Commonwealth need only have inserted a phrase such as "meaning LaVerne Chellis, *as such buxom brunette of Latin vintage*". It is obviously absurd to hold that the failure of the Commonwealth to draft its indictment in that manner is fatal. The instant indictment and the *Swallow* indictment are equivalents with respect to setting forth the identity of the alleged victim of the libel.

The defendant further contends that the court erred in its charge and, therefore, a new trial should be granted. This matter is not properly before us inasmuch as it was not raised in the court below—understandably so because the defendant made no motion for a new

trial. We might add parenthetically, however, that an examination of the charge discloses no error.

The judgment and sentence are affirmed, and it is ordered that the appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.