## Commonwealth *v.* Bozzi, Appellant.

Argued March 21, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (HIRT, J., absent).

226

*D. J. Goldberg*, with him *Garfield W. Levy* and *Levy & Oliensis*, for appellant.

*Victor Wright*, Assistant District Attorney, with him *Samuel Dash*, First Assistant District Attorney and *Richardson Dilworth*, District Attorney, for appellee.

OPINION BY WRIGHT, J., July 21, 1955:

James F. Bozzi was arrested on April 15, 1954, by officers of the Narcotics Squad of the Police Department of the City of Philadelphia, and charged with the unlawful possession of narcotic drugs. In Bozzi's bedroom the officers discovered a small coin machine, for which Bozzi produced the key, containing eight packages of white powder, eighty capsules filled with white powder, and two boxes of empty capsules. Bozzi admitted that "it was his stuff". Chemical analysis revealed that the powder contained a mixture of milk sugar and heroin hydrochloride, an opium derivative. The concentration of heroin was over one-eighth of a grain per ounce, the total amount (roughly six ounces) representing a comparatively large seizure. On April 16, 1954, after a preliminary hearing, Bozzi was held for appearance at the next term of Court. On April 23, 1954, he was indicted by the April Grand Jury on bill No. 970, charging unlawful and felonious possession of drugs with an additional averment of previous con-

viction. On May 14, 1954, a motion to quash was filed on the ground that the indictment was returned at an improper term. On June 2, 1954, by amendment, an allegation was added to said motion that it had been impossible for Bozzi to challenge the array and that, if he "were permitted an opportunity, he would file a challenge to the array of the Grand Jury which is to indict him on the ground that the selection of said jurors discriminates against the segment of the population of Philadelphia, to wit: citizens from the first fifteen wards, in one of which the defendant resides". On June 9, 1954, the motion to quash was overruled by Judge ALESSANDRONI. After a trial before Judge DAVIS on August 17, 18, and 19, 1954, the jury returned a verdict of guilty. On October 20, 1954, Bozzi was sentenced to pay a fine of $2000.00, and to serve not less than five years nor more than ten years in the Philadelphia County Prison. This appeal followed.

Appellant first contends that the lower Court erred in not quashing the indictment. At the trial, in renewing the motion to quash, appellant's counsel stated his objection to be "that the Grand Jury, and nearly all of the petit jurors that sit in the courts in Philadelphia County, are comprised of jurors not from the first fourteen Wards of the City of Philadelphia. Since this defendant is a resident of one of these wards, we desire the right to examine the Jury Commissioners as to the method of selecting jurors and why there should be what seems to be more than a coincidence". As stated in the brief for appellee, appellant was merely seeking "a license to go on a fishing expedition". We approve the following language from Judge ALESSANDRONI'S opinion: "The provisions of the Act of May 10, 1949, P.L. 1066, 17 PS 1251 (establishing a mode of selecting and drawing jurors for counties of the first class), afford no such right to a defendant. In the absence of

a showing that the Grand Jury was not chosen in conformity with the provisions of the Act, the motion must fail . . . The contention that a defendant is prejudiced when a grand or petit jury list fails to disclose the name of a juror residing in his neighborhood, or a wider area of the city in which defendant resides, is untenable on its face".

In our view, the situation in the case at bar is controlled by the decision of this Court in *Commonwealth v. Magid and Dickstein*, 91 Pa. Superior Ct. 513. There the defendants were given a hearing on February 19, 1927, and were held for the pending term of Court. The indictment was returned on February 21, 1927. There was a motion to quash on the ground that the return should have been made to the next term rather than to the term of Court then in session. In the words of Judge (later President Judge) KELLER: "The appellants' contention that the action complained of deprived them of their right to challenge the array of the grand jury is without merit. They do not aver that any ground existed for such a challenge, but only that if such ground had existed, they could not have availed themselves of it. This is no reason at all for setting aside the conviction. But it is untenable for the reason that if grounds for such challenge had existed, they would have been considered on motion to quash if made at the first opportunity after indictment". Appellant could have challenged the array at any time before entering his plea: *Commonwealth v. Gross*, 161 Pa. Superior Ct. 613, 56 A. 2d 303. And see *Commonwealth v. Weiner*, 101 Pa. Superior Ct. 295.

Appellant next contends that the charge of the trial Judge "failed to define the offense contained in the bill of indictment, to wit, the unlawful and felonious possession of drugs". His position is that, since the word "drugs" is defined by the statute, the trial Judge

should have defined the word "possession". We are here concerned with the Act of July 11, 1917, P.L. 758, as amended, 35 PS 851, et seq. Section 1 of said Act defines the word "drug" to include, inter alia, any preparation containing a derivative of opium. Section 2 (35 PS 852) sets forth that the word "drug" shall not be construed to include, inter alia, a preparation which does not contain more than one-eighth of a grain of heroin. Section 4 (35 PS 854) provides that no person shall have any of said drugs in his possession or under his control. The trial Judge stated to the jury that appellant was charged with illegal possession of drugs, and thoroughly reviewed the evidence of the Commonwealth as it related to the charge. The word "possession" has a common meaning which is generally understood. *Commonwealth v. Weatherwax*, 166 Pa. Superior Ct. 586, 73 A. 2d 427, cited by appellant, is not pertinent. In that case the defendants were charged with five separate types of assault. We held that it was the duty of the trial Judge under the circumstances to define the various offenses. And see *Commonwealth v. Tracey*, 137 Pa. Superior Ct. 221, 8 A. 2d 622. Our review of the charge in the case at bar reveals that the trial Judge fully covered the essentials of the single offense with which appellant was charged. Furthermore, appellant made no request for amplification of the charge so far as the word "possession" was concerned. The question was not included in the motions for a new trial and in arrest of judgment. It is not properly raised for the first time on this appeal: *Commonwealth v. DiCarlo*, 174 Pa. Superior Ct. 611, 101 A. 2d 410; *Commonwealth v. Moskorison*, 170 Pa. Superior Ct. 332, 85 A. 2d 644.

Appellant's final contention is that Section 12 of the Act of July 11, 1917, P.L. 758, as amended by the Act of June 19, 1953, P.L. 290, 35 PS 865, under which

sentence was imposed, "is unconstitutional as an improper invasion of the powers of the Judiciary by the Legislature". The section in question sets forth that any person who possesses drugs in violation of the provisions of the Act "shall be guilty of a felony; and, upon conviction thereof, shall be sentenced. . . for a second offense. . . to pay a fine not exceeding five thousand dollars ($5000) and to undergo imprisonment of not less than five (5) years and not exceeding ten (10) years". The section further provides that, except for first offenses, "the imposition or execution of sentence shall not be suspended and probation or parole shall not be granted until the minimum imprisonment herein provided for the offense shall have been served". Appellant's position is that legislation "which purports to establish a mandatory minimum sentence, and which prohibits a judicial authority from suspending the imposition of sentence is unconstitutional and of no effect".

In the recent case of *Commonwealth ex rel. Green v. Keenan*, 176 Pa. Superior Ct. 103, 106 A. 2d 896, we held that the "legislature has exclusive power to determine the penological system of the Commonwealth, and it alone can prescribe the punishments to be meted out for crime. It can provide fixed penalties or grant to the courts such measure of discretion in the imposition of sentences as it sees fit". In *Commonwealth v. Sweeney*, 281 Pa. 550, 127 A. 226, the contention was raised, as here, that the legislation there under consideration[1] was an invasion of the judicial power. Answering this contention, Mr. Justice SADLER said: "The power of determining the extent of punish-

---

[1] Act of June 29, 1923, P. L. 975, amending the Act of June 19, 1911, P. L. 1055, since further amended by the Act of September 26, 1951, P. L. 1460, 19 PS 1057.

ment to be inflicted was not, and is not now, the subject of constitutional limitation, and the legislature could fix the length of imprisonment upon conviction of a particular offense, making, if it saw fit, the term rigid and invariable, or allowing room for use of good judgment by the judge, made acquainted by the trial with the attending circumstances. . . As noted, in the past a large discretion in imposing sentence rested in the judiciary, and any term could be designated, so long as it did not exceed the maximum fixed by the act of assembly defining the crime. The legislature had the right to designate the maximum, and likewise can, if it sees fit, name the minimum. The necessity or wisdom of so doing is a question for its determination". Passing the argument of the Commonwealth based upon the proposition that the discretion of the trial Judge was actually not influenced by the mandatory provisions of the statute[2], we conclude that the legislature may constitutionally prescribe the precise punishment to be meted out by the Courts of the Commonwealth for violations of the penal laws.

So far as suspension of sentence is concerned, such power was assumed by Courts at common law, although in *Commonwealth ex rel. Wilhelm v. Morgan,* 278 Pa. 395, 123 A. 337, the right to indefinitely suspend sentence was said to be "at least doubtful". Howbeit, it is entirely clear that the power may be restricted or taken away by express and unequivocal statutory enactment: *Commonwealth ex rel. McGinnis v. Ashe,* 330 Pa. 289, 199 A. 185. And see *Commonwealth v. Wentz,* 52

---

[2] "Having read the Act very carefully, I conclude that while it is possible that there may be some attempt to restrict the discretionary power of the Judge in sentencing, in this particular case it has not affected my discretion in the slightest, because were I to have full choice my sentence would be the same".

D. &. C. 690. In the case at bar, there is a plain legislative mandate against suspension of sentence for a second offense.

Judgment affirmed.