## Commonwealth ex rel. Aaron v. Court of Quarter Sessions et al.

*John K. Best,* for Commonwealth.

LAIRD, P. J., July 25, 1955.—This matter comes before the court on a petition for a writ of habeas corpus filed by relator, Joseph B. Aaron, under the provisions of the Act of May 25, 1951, P. L. 415, 12 PS §1901 et sec.

Relator is presently confined in the Allegheny County Workhouse at Blawnox, by reason of a parole violation invoked by the Pennsylvania Board of Parole subsequent to a parole granted by said board after relator had been released upon serving the minimum

term imposed by the Court of Westmoreland County, at no. 207, 207a and 219, November term, 1949, for issuing three separate worthless checks in violation of section 854 of the Act of June 24, 1939, P. L. 872.

An examination of the record, as it appears upon the docket of the court of quarter sessions, reveals that relator on October 25, 1949, waived the finding of bills of indictment against him by a grand jury, signed pleas of guilty upon all three indictments for issuing worthless checks and was on same date sentenced to serve not less than one nor more than two years on each indictment in the Allegheny County Workhouse and which sentences were to run consecutively.

On December 5, 1949, being within term time, the court vacated and set aside said sentences and paroled relator for two years upon each of said indictments and set forth certain conditions in the parole. Five months after granting of this parole the district attorney petitioned the court setting forth that relator had violated all of the conditions of his parole and asking that relator be committed to jail and a hearing set. A bench warrant was issued, a show cause rule granted upon relator and a hearing fixed for May 8, 1950. Relator having been committed to jail, a hearing was held on May 8, 1950, and after hearing, the court being satisfied that relator had violated his parole, vacated said parole and sentenced relator to serve not less than 10 months nor more than 20 months in the Allegheny County Workhouse at no. 207, 207a and 219, November term, 1949, sentences to run consecutively.

On November 4, 1952, it appears relator, having then served his minimum of 30 months in said workhouse, was paroled by the Pennsylvania Board of Parole for the remainder of his unexpired term.

On or about August 12, 1954, relator was again in custody and was declared a technical violator and de-

linquent upon parole, and as well a new offender due to a conviction for worthless check in the Quarter Sessions Court of Allegheny County, by action of the Pennsylvania Parole Board and recommitted by said board to the Allegheny County Workhouse as a parole violator in which institution he has now completed an additional 11 months.

While relator is not too specific in some of his contentions, we find he raises three matters for consideration; all others are insidious and without merit.

First, relator complains that he should have been given credit back to December 5, 1949 (date of his original parole) when sentenced by the Westmoreland County Court on May 8, 1950, for violation of his first parole, thereby giving him credit for time at liberty upon said parole. Under section 4 of the Act of June 19, 1911, P. L. 1055, 19 PS §1055, the court had power to impose sentence upon relator for parole violation and for a term which did not exceed the punishment provided for issuing worthless checks, and to begin at such time as the court, in its discretion, may direct. See Commonwealth ex rel. Stengel v. Burke, 158 Pa. Superior Ct. 87. Therefore, the first contention of relator is without merit.

Second, relator indirectly contends that the Pennsylvania Board of Parole, in invoking punishment for the parole granted him by that board should have given him credit for time he was at liberty upon that parole, and further contends his entire sentence as originally imposed had then expired.

It is to be noted this relator was paroled by the Pennsylvania Board of Parole on November 4, 1952, and he was recommitted for violating said parole on and about August 12, 1954. Both the parole and recommitment for parole violation of relator occurred after the effective date of the Act of August 24, 1951, P. L. 1401, sec. 5, 61 PS §331, 21a, which act added

to the Act of August 6, 1941, P. L. 861, which provides:

". . . Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted . . . or to which he pleads guilty . . . at any time thereafter in a court of record, may, at the discretion of the Board, be recommitted as a parole violator to the penal institution from which he was paroled . . . he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole . . ."

There is no merit in this contention as relator committed a new offense during his parole, was convicted for such new offense, and the Pennsylvania Board of Parole had authority under the law to deny him any credit while at liberty on parole.

The third, and principal contention of relator, that his sentence imposed on May 8, 1950, by the Court of Westmoreland County, should have been a flat and fixed sentence rather than indeterminate and indefinite, and therefore is illegal, is worthy of consideration at this time and in this proceeding.

The court, as well as relator, is bound by the record in habeas corpus, and in the light of the record in this case the sentences imposed at no. 207, 207a and 219 November term, 1949, in the Court of Quarter Sessions of Westmoreland County, on May 8, 1950, being subject to the provisions of the Act of June 19, 1911, P. L. 1055, sec. 6, as amended, 19 PS §1057, affirmatively appear as indeterminate and indefinite sentences instead of fixed and flat. The present commitment for parole violation by the Pennsylvania Board of Parole is based upon this original sentence and is

subsequent thereto, and must stand or fall upon the legality of said original sentences.

It is well established that the court may change, correct and even increase sentences within term time, and correct errors at any time upon proper petition, however, there appears an implied caution in most decisions in substance, to wit: "sentence may be increased in term time, but not after, and the original sentences then had not been executed."

In relator's case he has already served the entire minimum term and has served an additional 11 months of the maximum for parole violation. Any correction of the original sentences now would be upward and an increase and therefore would impose additional punishment.

We must agree relator was not originally sentenced for an offense punishable in a penitentiary but instead the offense of issuing worthless checks carried only punishment by simple imprisonment and therefore should have been a flat and fixed term as required by the Act of June 19, 1911, P. L. 1055, as amended by Act of June 29, 1923, P. L. 975, 19 PS §1057, and the sentence of May 8, 1950, was inadvertently and erroneously entered and therefore is illegal. This contention is sustained and well founded as we read Commonwealth ex rel. Oveido v. Baldi, 152 Pa. Superior Ct. 340, and also by the language of a more recent case, Commonwealth ex rel. Green v. Keenan, 176 Pa. Superior Ct. 103 (1954).

While we are loath to condone the misdeeds and delinquency of relator, we do believe that our correction of the original sentences imposed on May 8, 1950, to that of flat and fixed sentences would not be proper at this time, and in view of the amount of time already served and executed, to wit, three years and five months, we, in our opinion, believe the ends of justice have been met.

While this is not a writ of error for correction of an error, relator goes beyond that and contends his sentences of May 8, 1950, are illegal and that any subsequent commitments thereon are likewise a nullity. It is well decided that the legality of a commitment, based upon any illegal sentence, may be attacked by habeas corpus. Therefore, we enter the following decree:

And now, to wit, July 25, 1955, after due and careful consideration of all the record in this case, it is ordered, adjudged and decreed that the rule granted by this court on July 11, 1955, be and the same hereby is made absolute, and relator, Joseph B. Aaron, be and he is hereby discharged from custody forthwith.