Commonwealth *v.* Panetta, Appellant.

548 

Argued April 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

 

*I. Raymond Kremer,* with him *Robert J. Thompson* and *Morris L. Rush,* for appellant.

*Christopher F. Edley,* Assistant District Attorney, with him *James N. Lafferty,* Deputy District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY ERVIN, J., July 17, 1956:

The appellant, Vincent Panetta, was found guilty by a jury of receiving stolen goods under Indictment No. 1016. Two other defendants, Angelo Massone and James Robert Crawford, were also indicted for receiving stolen goods under Indictment Nos. 1014 and 1013 respectively. All three defendants were also indicted for conspiracy, under Indictment No. 1018. Massone and Panetta plead not guilty as to all indictments and demanded a jury trial. Crawford plead guilty to receiving stolen goods under Indictment No. 1013 and not guilty as to the conspiracy charge. Crawford agreed to be tried by a judge without a jury. After hearing the evidence the court nol. prossed the conspiracy charge as to all three defendants. The jury rendered verdicts of guilty on the indictments charging receiving stolen goods. Massone and Panetta filed motions for new trial. The motions were dismissed and the defendants were sentenced. Panetta alone appealed.

Angelo J. DiStefano, an employe of a printing concern which had printed automobile stickers for the State, testified that he stole a quantity of them and sold them to the two defendants, Massone and Panetta, for $60.00. He further testified that he delivered the stickers to Panetta and was paid the $60.00 by Panetta. Both defendants denied that they had received the stickers or paid any money therefor. Crawford admitted that he purchased five stickers from DiStefano and paid $10.00 to him therefor. Crawford worked in the printing plant from which the stickers had been stolen. The evidence revealed that the Crawford trans-

action had no connection with the Massone and Panetta transactions except that DiStefano was the seller in both instances. The two sales took place at different times and different places.

In the lower court Massone and Panetta were represented by Leon Rosenfield and Crawford by Thomas Z. Minehart. Panetta's appeal was argued by I. Raymond Kremer, who did not take part in the trial.

On this appeal, for the first time, the question was raised whether a jury and nonjury trial can be tried simultaneously where the facts justify a joint trial. We might well dispose of this question by the rule of law that an appellate court will not consider alleged trial errors which were not brought to the attention of the trial court. *Com. v. DeFelippis,* 245 Pa. 612, 616, 91 A. 1059; *Com. v. Martin,* 302 Pa. 118, 124, 153 A. 141; *Com. v. Neuman,* 151 Pa. Superior Ct. 642, 30 A. 2d 698; *Com. v. Patrick,* 174 Pa. Superior Ct. 593, 594, 101 A. 2d 139; *Com. v. DiCarlo,* 174 Pa. Superior Ct. 611, 613, 101 A. 2d 410; *Com. v. Donaducy,* 176 Pa. Superior Ct. 27, 31, 107 A. 2d 139. Appellant argues, however, that this was fundamental error and for this reason should be considered for the first time by the appellate court. No cases directly in point have been cited. There was no objection by trial counsel to the joint trial. We do not see how there could have been any objection in view of the conspiracy indictment No. 1018 against all three defendants. It apparently appeared to no one prior to this appeal that this was error. We have reviewed the record carefully and we believe that everything which transpired at the trial in the lower court would have happened even if there had been no waiver of jury trial by Crawford. The only reason why the joint trial was not consummated was because the lower court came to the conclusion, after hearing the evidence, that the conspiracy charge

should be nol. prossed. None of the evidence introduced against James Crawford was prejudicial to Panetta and we fail to see how his case was prejudiced by the joint trial. We are not called upon to decide whether there would be an abuse of discretion by a lower court where a timely objection was made in that court to a joint trial.

Appellant also argues that the joint trial was in violation of his constitutional right to be tried by a jury. The simple answer to this argument is that he was tried and convicted by a jury. The cases which he cites in this connection are not in point and need not be discussed in this opinion.

Appellant also argues that the trial judge erred in "admonishing and threatening" the Commonwealth's witness, Cecil R. Gilbertson. Gilbertson testified that he had purchased automobile inspection stickers from Massone. Since Massone has not chosen to appeal, any alleged irregularities in the evidence adduced against him cannot be considered in Panetta's appeal.

Appellant also argues that the trial judge should not have permitted the district attorney to cross-examine his own witness, Gilbertson, without first having pleaded surprise. While this might be considered error, it was harmless in the present case in view of the fact that Gilbertson's testimony concerned Massone and not Panetta.

Appellant also argues that the trial judge unduly took part in the trial and over-interrogated the appellant. It would unduly lengthen this opinion to specifically refer to the testimony in this connection. We have read the entire record and are satisfied that the lower court did not abuse its discretion in this connection. The lower court was well within its rights in chastising Panetta for calling DiStefano "an out-and-out liar." The lower court had a perfect right to ask

Panetta whether he could suggest any reason why Di-Stefano picked him out as the one to whom he sold the stickers. Panetta said: ". . . he might have been sore because I chased him from the lot." This questioning was not harmful to Panetta and indeed should have been helpful in that it suggested a reason for Di-Stefano's antipathy.

Appellant argues that the charge was argumentative and designed to secure a conviction. With this we do not agree. A reading of the entire charge will reveal that the issues were clearly defined and the jury's function fully explained.

In *Com. v. Chambers*, 367 Pa. 159, 164, 79 A. 2d 201, Mr. Justice BELL said: "While the main purpose of a judge is to state and explain the law and briefly review the evidence, it is always the privilege and sometimes the duty of a trial judge to express his own opinion, including his opinion of the weight and effect of the evidence or its points of strength and weakness or even the guilt or innocence of the defendant and the verdict which, in his judgment, the jury should render, provided (1) there is reasonable ground for any statement he may make; and (2) he clearly leaves to the jury the right to decide all the facts and every question involved in the case, regardless of any opinion of the court thereon. . . ." To the same effect see *Com. v. Patskin*, 372 Pa. 402, 421, 93 A. 2d 704; *Com. v. Kloiber*, 378 Pa. 412, 416, 106 A. 2d 820.

In the charge to the jury the court referred to the testimony of DiStefano in which he testified that he delivered the stickers to appellant and was paid for them, giving the details of the transaction, and then the court said: "You have to determine whether this young man made all that up with all those details." Again the court said: "How did this young man's testimony, this young man who fell into crime and stole

these stickers thinking to make a few dollars improp-
erly and illegally, size up and compare in your judg-
ment to the testimony of the two defendants as to
which side was telling the facts and which side was
not telling the truth? That is what you have to de-
cide. How does it size up? . . . but it is not for me
to evaluate his testimony. That is a function of the
jury." In referring to the testimony of Gilbertson,
who testified that he had purchased five stickers from
Massone, the court said: "There, again, do you think
it is a corrupt source? He has never been indicted in
this matter, he has never been charged with anything
in connection with it, though he has sort of admitted
buying stickers from Massone. I think there is a basis
for the suggestion that has been made and you may
consider it, but in considering it the thing that you
have to determine ultimately is do you believe the man
told you the correct facts." At another place the court
said: "The question is, are they guilty of this charge
of receiving stolen goods? And that is purely a ques-
tion of fact which the jury and the jury alone has the
obligation to decide on the basis of their evaluation
of the merits of the testimony and a fair consideration
of the surrounding circumstances. . . . If there is any
reasonable doubt in your minds about either of those
two points or about any point that you think is neces-
sary to establish guilt, then the defendants must be
acquitted. . . . Of course, as you know, if there is any-
thing in the case that raises in your minds a reasonable
able doubt as to the alleged guilt of Panetta, he also
is entitled to an acquittal." At another place the court,
in explaining his refusal to give binding instructions
to the defendant, said: "I refused to do that because
it is a factual question for the jury to determine. I
cannot say they are not guilty. I don't know what I
would do if I were on the jury. I mean I am not going

to tell the jury. This is a jury case because it turns on what? It turns on whether you believe that young man sitting over there as to what he testified to and whether you believe it beyond a reasonable doubt, or whether you are inclined to believe what the defendants testified to, namely, that nothing like that ever occurred, they know nothing about it. That is a point that no judge has a right to adjudicate when the people have asked for a jury trial. That is the function of the jury. That is what we have a jury for. The duty of a jury is to decide issues of fact. When one witness says 'white' and another witness says 'black', as it were, the jury has to decide which it is, what is the answer. Therefore, it is for that reason that I have to refuse the points for directed verdicts because I cannot arrogate unto myself any such authority.

"The last thing that I want to say to you is this: You must understand that you members of the jury are the sole and exclusive judges of the facts in the case. You, exclusively, have the duty and authority to decide this case. Nothing said by either counsel or the Court should have the slightest effect on your deliberations unless you believe that what was said to you has meaning and significance and persuasion. That is why we have trials. You are not bound by anything that was said by either counsel, nor are you bound by anything, as a matter of fact, said by the Court, excepting what the Court said to you on pure questions of law. As to the facts in the case you are free to act and the only hope of the Court is that you act in the case according to the evidence and decide it on the basis of the validity of the evidence you heard in the case."

We have read the entire record in this case and are of the opinion that the issues to be determined by the jury were clearly defined and that the jury clearly

understood its fact finding function. The question of the guilt or innocence of the appellant, Panetta, depended largely upon whether the jury believed the Commonwealth's witness, DiStefano, or whether it believed the defendant, Panetta. The jury had ample evidence to sustain the verdict of guilty which it rendered.

Judgment of sentence affirmed.