## Commonwealth v. Glover

*Victor H. Blanc*, for Commonwealth.

*Bernard Edelson*, assistant defender, for defendant.

FLOOD, J., February 13, 1959. — Defendant was convicted of selling drugs of prohibited character and was sentenced by this court in accordance with the Act of July 11, 1917, P. L. 758, as finally amended

by the Act of July 19, 1957, P. L. 1013, sec. 1, 35 PS §865 (1958 Supp.), which was in effect at the time the crime was committed. He was sentenced, as the act provides, to a term of not less than five years and not more than 10 years.

Defendant's argument briefly is that when the act says defendant shall "undergo imprisonment . . . of not less than five (5) years and not exceeding ten (10) years . . . ," it means that his maximum sentence shall be not less than five years and not more than 10 years. He bases this contention upon the rule that the maximum sentence is the legal sentence: Commonwealth ex rel. Lycett v. Ashe, 145 Pa. Superior Ct. 26 (1941). He argues that we must sentence him to a maximum of either five years or 10 years or some period more than five and less than 10 years, with a minimum of not more than half such maximum.

We cannot so read the act nor so find the intention of the legislature. In the case of Commonwealth v. Bozzi, 178 Pa. Superior Ct. 224 (1955), an identical penalty provision in the Act of June 19, 1953, P. L. 290, 35 PS §865, was assumed by the Superior Court to provide for a mandatory minimum sentence of five years and a mandatory maximum sentence of 10 years. As so interpreted, that court held the act to be constitutional.

Regardless of what we may think as to the underlying policy of this act, we have no right to nullify that policy by construing the language of the act in a way which seems to us at variance with the obvious intent of the legislature.

The act is also attacked as in violation of article III, sec. 3, of the Pennsylvania Constitution in that the title fails to give notice that the court is deprived by the act of its traditional power to suspend the imposition or execution of sentence or grant probation or parole.

There are several answers to this contention. In the first place, the court has long since lost the power to parole when the maximum sentence is in excess of two years. That leaves us with the question as to whether the title is defective in failing to state therein that the court no longer has any right to suspend sentence or to grant probation. Although the Act of 1953, supra, also deprived the courts of these powers, the title to that act, like the present one, failed to mention these limitations upon the court. Nevertheless, as we have indicated above, that act was held constitutional, although the title was not there attacked by appellant: Commonwealth v. Bozzi, supra.

It seems to us that the phrase in the title of the Act of 1957 "changing penalties for illegal sale, dispensing or giving away of drugs" is sufficient to satisfy the requirements of article III, sec. 3. Surely this is so when the change of penalties is the only subject dealt with in the act and the only subject of amendment which the title mentions.

For these reasons, the motion to vacate and reconsider the sentence is refused.