## Commonwealth ex rel. Wood, Appellant, *v.* Maroney.

Argued November 15, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*James G. Moore,* for appellant.

*W. Thomas Malcolm,* District Attorney, for appellee.

OPINION BY WRIGHT, J., December 12, 1962:

Robert E. Wood has appealed from an order of the Court of Common Pleas of Indiana County dismissing his petition for a writ of habeas corpus. It will be necessary to summarize the factual and procedural background revealed by our examination of the original trial record.

On September 3, 1958, the Indiana County Grand Jury returned true bills on three indictments against Robert Edmon Wood as follows: Bill No. 1 September Term 1958 charged forcible rape; Bill No. 2 September Term 1958 charged corrupting the morals of a child and furnishing malt or brewed beverages to a minor; Bill No. 3 September Term 1958 charged aggravated assault and battery. These three indictments were consolidated for trial with an indictment charging one Samuel Edward Burkett with rape. The charges arose out of a series of incidents in the early morning hours of September 2, 1958, at Blue Valley Lake, West Wheatfield Township. Wood was a man of mature years who had intruded upon a teen-age swimming party. He was represented by court appointed counsel, the firm of Serene and Fee. Joseph W. Serene, Esquire, partici-

pated in the trial during the first day, and R. Carlyle Fee, Esquire, participated in the trial during the second day. Burkett was represented throughout the trial by W. Parker Ruddock, Esquire. At the conclusion of the Commonwealth's testimony, a demurrer to the evidence was presented on behalf of each defendant. After these demurrers were overruled, neither defendant offered any testimony. The jury returned verdicts of guilty on all four bills. There were no post conviction motions. Sentences were imposed, and no appeals were taken.

Present counsel for Wood first contends that, as to the charge of rape, the Commonwealth failed to prove the element of penetration. He argues that it is a violation of due process "to conduct and punish a man of a crime where there has been a failure of proof of one of the necessary elements". Reliance is placed primarily on *Thompson v. Louisville*, 362 U. S. 199, 80 S. Ct. 624, wherein it was held that charges of loitering and disorderly conduct were so totally devoid of evidentiary support as to render a conviction unconstitutional. Passing the Commonwealth's argument that the sufficiency of the evidence may not be reviewed in a habeas corpus proceeding, *Commonwealth ex rel. Bouknight v. Myers*, 194 Pa. Superior Ct. 406, 168 A. 2d 590, our examination of this record clearly discloses that the *Thompson* case has no application in the present situation. Wood admitted to one of the Commonwealth's witnesses (Hummel) that he had had intercourse with the victim. Another Commonwealth witness (Myers) stated that Wood "was laying on top of Marty going through the motions of intercourse". The victim herself, after describing the assault and battery, testified as follows: "A. Well, when I came to, Bob Wood says 'This won't hurt', and he had intercourse with me then . . . Q. Did you have any pain? A. Yes I did . . . Q. What caused the pain? A. When he had in-

tercourse with me, that is what caused it". In his thorough and impartial charge, the trial judge instructed the jurors that penetration was an essential element of the crime of rape, and that they "must find there was actual intercourse". We are not in accord with appellant's argument that "the word 'intercourse' invariably used by all the witnesses cried out for definition". On the contrary, the word "intercourse" has a common meaning which is generally understood. Cf. *Commonwealth v. Bozzi*, 178 Pa. Superior Ct. 224, 116 A. 2d 290.

Appellant's second contention is that he "was deprived of due process of law by substitution of counsel in the middle of the trial". It should be noted that there was no withdrawal of counsel. One member of the firm of Serene and Fee represented appellant during the first day of the trial. The other member of the firm represented appellant during the second day of the trial. Appellant acknowledges the "extremely high competence and ability" of both Mr. Serene and Mr. Fee, but argues that a defense lawyer "can no more adequately substitute in the middle of a trial than can a judge". No authority is cited for this proposition. Independent research has disclosed the case of *Coates v. Lawrence*, 46 F. Supp. 414, affirmed 131 F. 2d 110, cert. den. 318 U. S. 759, wherein the following pertinent statement appears: "The absence of one of the designated counsel on the trial, whose law partner took his place, is not shown to have prejudiced any right of the petitioner". Another case which is to some extent analogous is *Commonwealth ex rel. Hendrickson v. Hendrick*, 193 Pa. Superior Ct. 559, 165 A. 2d 261, wherein we rejected a complaint that a new trial motion had not been argued by trial counsel. In the instant case the trial judge states: "It is the opinion of this court that the defendant was well represented at all times". Our review of the record confirms that con-

clusion. We find no ingredient of unfairness or preju-
dice, and no violation of appellant's constitutional
rights.

Order affirmed.