## Commonwealth v. Eells

*Douglas C. Roger, Jr.,* assistant district attorney, for the Commonwealth.
*Richard H. Anderson,* for defendant.

KELLY, *J.*, June 8, 1984—On September 9, 1983, after a non-jury trial, defendant, Paul R. Eells was found guilty of driving under the influence of alcohol, driving while operating privilege is suspended, improper passing, and failure to stay on the right side of the highway. Defendant subsequently filed motions in arrest of judgment and for a new trial which were denied. On January 9, 1984, defendant was sentenced to 48 hours to six months imprisonment and a $300 fine for driving under the influence. Sentence was suspended on the other charges.

Defendant's primary arguments alleged the unconstitutionality of the driving under the influence of alcohol statute. Enactments of the General Assembly are presumed constitutional, and any doubts are to be resolved in favor of sustaining the constitutionality of legislation. Commonwealth v. Robinson, 497 Pa. 49, 53, 438 A.2d 964, 966 (1981). The Pennsylvania Supreme Court has stated that a statute may not be declared unconstitutional unless it "clearly, palpably and plainly violates the Constitution." Tosto v. Pennsylvania Nursing Home Loan Agency, 460 Pa. 1, 16, 331 A.2d 198, 205 (1975).

Defendant contends that the mandatory minimum sentencing provision of the statute is a violation of the doctrine of separation of powers. The Superior Court has held:

"The legislature has the right to classify crimes . . . it may fix the maximum penalty and likewise can, if it sees fit, name the minimum. The necessity or wisdom of its action is a question for its determination, and in so doing it does not violate Art. V, sec. 1 of the Constitution vesting judicial powers in the courts." Commonwealth ex rel Lycett v. Ashe, 145 Pa. Super. 26, 29, 20 A.2d 881, 883 (1941). See also, Com-

monwealth v. Bozzi, 178 Pa. Super. 224, 230-32, 116 A.2d 290, 293 (1955).

The courts of Pennsylvania have upheld laws prescribing mandatory minimum legislation and a law prescribing a minimum sentence for a person convicted of driving under the influence no more violated the principle of separation of powers than any other mandatory minimum sentencing act. See, Commonwealth v. Sourbeer, 492 Pa. 17, 33-34, 422 A.2d 116, 123-24 (1980); Commonwealth v. Dessus, 262 Pa. Super. 443, 449-50, 396 A.2d 1254, 1257 (1978); Commonwealth v. Bozzi, supra.

Defendant also argues that the statute violated the principle of separation of powers because the district attorney may, in his discretion, not permit a person accused of driving under the influence to enter the ARD program. However, the discretion of the district attorney is not relevant in this case because the statute forbids drivers who, like defendant, were operating without a license from entering the ARD program.

Defendant also argues that the driving under the influence statute is unconstitutional because it denies him admittance to the ARD program because he was driving without a license. Defendant argues that the disparate treatment of defendants based on whether they were driving with or without a license is arbitrary and capricious and violates due process.

If legislative classification for disparate treatment is rationally related to a legitimate government interest, the classification system does not violate the constitution. Williamson v. Lee Optical, 348 U.S. 483, 486 (1955). We hold that denying ARD consideration to those drivers convicted of driving under the influence who do not have a license to drive is rationally related to the Commonwealth's interest in regulating and maintaining safety on the highways.

Other contentions raised by defendant are without merit.

## ORDER

For all the above reasons defendant's motions in arrest of judgment and for a new trial were denied.