## Commonwealth *v.* Sharpe, Appellant.

Argued November 13, 1939

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT,
JJ.

*Milton S. Leidner,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, with
him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY HIRT, J., December 19, 1939:

Defendant was convicted of robbery and other related
offenses committed in the office of the yarn mill of
Durnley Brothers in Philadelphia County. Allegedly,
he was one of two men who entered the building and

robbed the employees in charge, of pay-roll monies amounting to $3,476. The second man was neither apprehended nor identified. Defendant was sentenced only for robbery, to serve from 5 to 10 years in the Philadelphia County prison running concurrently with a sentence of from 1 to 20 years for another crime, imposed in 1933. At the close of the Commonwealth's case defendant's demurrer to the evidence was overruled. He did not take the stand nor offer any evidence in his behalf but rested and submitted a request for a directed verdict of not guilty which also was refused. These rulings of the court are assigned as error raising the single question of the sufficiency of the evidence to sustain the conviction.

Defendant apparently was taken into custody upon suspicion merely. That the crimes were committed by someone is not disputed and the only evidence connecting defendant with the robbery is the testimony of identification. It is seriously contended that this evidence standing alone and without corroborating circumstances is insufficient to support the verdict. It is necessary, therefore, to review all of the testimony on the subject.

The robbery was committed in broad daylight by two masked men who had entered the office of Durnley Mills, one of them armed with a gun. Four employees in the office observed the latter. The office manager when asked, referring to the defendant: "What can you say about identifying this man?" replied: "I can't positively identify him beyond the fact that there is a general resemblance as to age and build and approximate height." He said: "It was a man such as this one" who came through the window but he could not positively say under oath that this defendant was the man though he resembled him in age, height and general characteristics. Another employee testified: "The only identification I can give is the same as has been given, the general height and appearance from the top

of the nose up, the eyes." To the question: "Are you willing to say under oath this is the man who held you up?" he also answered: "No." A stenographer testified that defendant resembled the robber in stature, color of hair, and general appearance but she could not say that the defendant was the man. The prosecutor, Sichell, perhaps had the most favorable opportunity to observe the men and when asked: "Can you identify the defendant as one of them?" answered: "Well, putting the question that way, I would say no." On two occasions he was summoned to view a line-up of prisoners; the defendant was in the second group and he testified that then "something clicked that he was the man I had seen, from the eyes, general build and hair"; "something clicked at that time and I said 'that is the man as far as I can tell.'" When asked: "You still feel the same way?" he answered: "I do" but on cross-examination he also testified that he would not say positively and without doubt that the defendant was the man. This is the testimony or its substance, in its entirety upon which the jury convicted the defendant.

Where a witness has been acquainted with the subject of identification or has had the opportunity of observing him on prior occasions, his testimony as to identity may be treated as the statement of a fact. But where, one is observed for the first time and only while committing the crime, testimony of identification may be, and in this case was merely the expression of an opinion, to be weighed according to the rule applying to opinion evidence generally, and its probative weight in the first instance is exclusively for the jury. It is for the jury "to consider the circumstances detailed by each witness, and the opportunities these afforded for a safe conclusion with respect to identity" *Com. v. Ronello,* 242 Pa. 381, 89 A. 553. Where a witness states positively and without qualification that in his opinion the defendant is the man, that is sufficient proof. *Com. v. Tracey,* 130 Pa. Superior Ct. 15, 196 A. 549; *Com. v. Lindner,*

133 Pa. Superior Ct. 196, 2 A. 2d 518. So also, testimony as to identity, insufficient in itself for indefiniteness, is nonetheless admissible and competent, and in conjunction with other evidence connecting a defendant with the crime, (*Com. v. Cunningham*, 104 Mass. 545; *Com. v. Roddy*, 184 Pa. 274, 39 A. 211) or evidence of distinguishing marks on the body of the accused, (*Com. v. Reid*, 123 Pa. Superior Ct. 459, 187 A. 263) or the fact that the defendant remained silent when the witness first identified him and accused him of the crime, (*Com. v. Fink*, 93 Pa. Superior Ct. 57) may be sufficient to sustain a conviction.

In submitting testimony as to identity, however, a definite responsibility is placed upon the trial judge, "No class of testimony is more uncertain and less to be relied upon than that as to identity and, where great doubt is cast upon it by the witnesses themselves, there is a double reason for submitting it with great caution" *Com. v. House*, 223 Pa. 487, 72 A. 804. "Whether what these witnesses said amounted to an identification of the prisoner ......, was a question the jury alone could pass upon. It was for them to consider the circumstances detailed by each witness, and the opportunities these afforded for a safe conclusion with respect to identity. Failure on the part of the court to specially direct the attention of the jury to this most material evidence, seeing that upon it depended the issue of the case, would have been serious error; to leave the jury without instruction as to how it was to be considered, the degree of certainty it must reach to warrant a conclusion of identity, was, if possible, even more serious error." *Com. v. Ronello*, supra p. 387. The trial judge gave no instructions to the jury as to their proper approach to this testimony. This in itself is ground for a new trial; in addition, there is the more important fact that all of the testimony taken together at its full weight will not support a conviction. The testimony of all the witnesses goes to general characteristics which

do not identify and the strongest statements of any of them falls short of showing in the mind of the witness, a well founded belief that the defendant is the man. The witnesses from their observation of the accused were unable to convince themselves to a moral certainty that the defendant is the culprit, and the jury, therefore, should not be permitted to say that this testimony without corroborating facts or circumstances can serve as proof of guilt beyond reasonable doubt.

But for the fact that the Commonwealth has stated that the record contains all of the evidence it is able to produce against this defendant we would grant a new trial. It has requested final disposition of the case on the record as it stands.

Judgment reversed and defendant discharged on bills 577, 579, 581.