## Woodring v. Edelman

*Stanley J. Fehr* and *George C. Laub,* for plaintiff.
*Francis H. S. Ede,* for defendant.

BARTHOLD, J., February 1, 1943.—This cause is now before us on an affidavit of defense raising questions of law. Plaintiff, Oliver S. Woodring, instituted a suit in trespass against defendant, William Edelman, a police

officer of the Borough of Nazareth, to recover the sum of $200, the value of a German shepherd dog owned by plaintiff, who avers that the dog was wilfully, wantonly, and maliciously shot and killed by defendant. Defendant filed an affidavit of defense raising questions of law, averring in support of his affidavit "that under the Act of May 22, 1935, P. L. 219, 3 PS §496, an action for the causes alleged in the statement of claim should be brought against the Commonwealth of Pennsylvania and not against defendant".

The Act of May 22, 1935, P. L. 219, sec. 6, 3 PS §496, provides as follows:

"The Commonwealth shall be liable to the owner of any legally licensed dog, for the value thereof, if illegally killed by any police officer or other person, and the Commonwealth may thereupon recover the amount so paid to such owner, from the police officer or other person doing the illegal killing, by an action at law. The value of said dog shall be ascertained in the same manner as provided in section twenty-six of this act for assessing the damage done to live stock by dogs, and shall in no case exceed one hundred dollars for any one dog."

Defendant contends that the above act "clearly provides that the action must be against the Commonwealth of Pennsylvania and shall not exceed $100. For this reason defendant claims that the statement of claim is not sufficient in law, and judgment should be entered for defendant".

The logical import of defendant's contention is: First, that where a dog is illegally shot and killed by a police officer or any other person the owner must sue the Commonwealth and not the tortfeasor; second, that in such suit the owner's recovery is limited to the sum of $100. We cannot agree with this contention. The words of the act do not expressly or by clear intendment take away the owner's common-law right to sue the tortfeasor, nor do they indicate that the owner must

accept $100 for a dog worth $200 when such dog is illegally killed: Cross v. Beatty, 10 D. & C. 456.

The act relates to dogs and the protection of live-stock, poultry, and game birds, provides for the licensing of dogs, regulates the keeping of dogs and authorizes their destruction in certain cases, provides for the protection of licensed dogs, etc., prescribes certain provisions for hunting dogs and dogs owned or used by the board of game commissioners, provides for the assessment of damages done to livestock, etc., killed by or dying from rabies, and for the illegal killing of licensed dogs and the payment of such damages by the Commonwealth, imposes powers and duties on certain State and municipal officers and employes, directs the payment of all moneys collected into the State Treasury, and provides penalties.

Section 6 of the act imposes, in favor of the owner, a limited liability upon the Commonwealth if a dog is illegally killed by any police officer or other person. It specifically provides the method for assessing the damages where it is sought to charge the Commonwealth for the liability. A careful reading of the act indicates that it was not the legislative intent to abrogate any civil remedies of the owner. To the contrary, the act gives to the owner an additional remedy against the Commonwealth to the extent of $100.

As early as the case of Findlay v. Bear, 8 S. & R. 571 (1822), it was held that the words, he "pilfered a dog", were not actionable, but it was also held that "The owners of dogs are not without remedy, against those who take them away. They may recover ample damages in a civil action". In the case of Beard v. Mossman, 144 Pa. Superior Ct. 508 (1941), it was held that defendant's exclusive possession of a dog for about one year was presumptive evidence of ownership in an action to replevy the dog.

At common law a dog was therefore property for an injury to which a civil action would lie. Such common-

law right cannot be taken away by statute without substituting a substantial and adequate remedy: Rhines v. Clark et al., Execs., 51 Pa. 96.

We have already held that the aforementioned Act of 1935 does not by express words or clear intendment abrogate a dog owner's right to sue the tortfeasor for the value of a dog illegally killed and that it does not limit the amount of recovery. If such were the effect of the act, it would be unconstitutional. Article I, sec. 11, of the Constitution of Pennsylvania provides as follows:

"All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, and in such courts and in such cases as the Legislature may by law direct."

In the case of Thirteenth and Fifteenth Street Passenger Railway v. Boudrou, 92 Pa. 475, the Supreme Court of Pennsylvania held the Act of April 4, 1868, P. L. 58, limiting the amount to be recovered in case of personal injury to $3,000, unconstitutional. Mr. Justice Trunkey, at pages 481 and 482, stated the following:

"Its authority [referring to the case of Central Railroad of New Jersey v. Cook, 1 W. N. C. 319] is in conservation of the reserved right to every man, that for an injury done him in his person, he shall have remedy by due course of law. The people have withheld power from the legislature and the courts to deprive them of that remedy, or to circumscribe it so that a jury can only give a pitiful fraction of the damage sustained. Nothing less than the full amount of pecuniary damage which a man suffers from an injury to him in his lands, goods or person, fills the measure secured to him in the Declaration of Rights. As well might it be attempted to defeat the whole remedy as a part . . . A limitation of recovery to a sum less than the actual damage, is

palpably in conflict with the right to remedy by the due course of law."

And now, February 1, 1943, the questions of law raised in the affidavit of defense are decided against defendant and are dismissed. Leave is granted to defendant to file an affidavit of defense to the merits within 15 days from the date of this order.