## Commonwealth *v.* Ricci, Appellant.

Argued April 29, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Justin DiJirolanio*, for appellant.

*Bernard Martin Goodman*, Assistant District Attorney, for appellee.

OPINION BY DITHRICH, J., July 17, 1947:

Appellant stands convicted of statutory rape and sodomy. The victim of his alleged abuse was one Rachel Bastinelli, aged 13. It is not necessary to go into the sordid details of the crime; suffice it that the evidence fully warranted the conviction.

The defense was an alibi. The principal question raised on this appeal is whether there was sufficient evidence to permit the jury to pass on the identification of defendant. He was identified by Rachel Bastinelli and also by her sister Mary, aged 18. It is true that neither of the girls was able to distinguish the features of the assailant because of the darkness of the room where the attack took place in the early morning of July 6, 1946. But both of them recognized Ricci by the sound of his voice, his build, his form and his figure.

This is not a case of observing an assailant for the first time while in the commission of an offense. Ricci, who was 26, was about the same age as an elder brother of the girls, was a close friend of his, and as a result of that friendship had been a frequent visitor in the Bastinelli home. He knew the location of the girls' bedroom, and he was well known to both of them. It is true that when he awakened the elder sister by attempting to molest her, after he had finished with her younger sister, she called out to her father three times that "someone" was in the room, without saying who that "someone" was. But it is equally true that as soon as the father

entered the girls' room he was told that the "someone" was Arthur Ricci.

The learned trial judge properly charged the jury, "There are few more difficult subjects with which the administration of justice has to deal than the question of identification." That is especially true where an assailant ". . . is observed for the first time and only while committing the crime" but "Where a witness has been acquainted with the subject of identification or has had the opportunity of observing him on prior occasions, his testimony as to identity may be treated as the statement of a fact . . ."; and "Where a witness states positively and without qualification that in his opinion the defendant is the man, that is sufficient proof. Com. v. Tracey, 130 Pa. Superior Ct. 15, 196 A. 549; Com. v. Lindner, 133 Pa. Superior Ct. 196, 2 A. 2d 518": *Commonwealth v. Sharpe,* 138 Pa. Superior Ct. 156, 159, 160, 10 A. 2d 120.

In addition to the positive testimony of identification and as an aid to it, there was corroborating testimony of Rachel that, on the evening of July 5, defendant tried to entice her away from a public school where she was attending a teen-agers' dance; and, when she told him that it was against the rules for her to even go to the foot of the steps where he wanted to talk to her, he told her she would be sorry.

In that connection appellant contends that the court erred in admitting in rebuttal the testimony of two young men who testified they were taken to the dance hall by defendant and that he stopped there at least long enough to let them out of his automobile. That was proper testimony to rebut the defense of an alibi, and, while it did not measure up to the Commonwealth's offer to prove that the young men heard Ricci talking to the girl, it did prove that he stopped at the schoolhouse (he had testified that he had only driven past it), and in any event the testimony was admitted without objection and no motion was made to strike it from the record.

196

Although no specific or general exception was taken to the charge and no request made for additional instruction when counsel was asked, "Anything further, gentlemen?" defendant now complains of certain inadequacies in the charge and of the general effect of it. In the absence of any exception, defendant would not be entitled to a reversal or to a new trial unless the charge contained basic and fundamental error. *Susser v. Wiley,* 350 Pa. 427, 39 A. 2d 616; *Medvidovich v. Schultz,* 309 Pa. 450, 164 A. 338; *Saar v. Saar,* 143 Pa. Superior Ct. 528, 17 A. 2d 745.

Because of the serious nature of the offenses with which the defendant was charged and the difficulty of defending against such charges, we have been especially diligent and careful in reviewing the entire record, and it is our considered opinion that the case was ably and fairly tried, that defendant was granted every reasonable indulgence throughout the trial and subsequent thereto, and that there was no prejudicial error either in the admission of evidence or in the charge. All the assignments of error are overruled.

The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.