## Commonwealth v. Schindler

Before Egan, Adams, Montgomery and Lamoree, JJ.

*William S. Rahauser*, district attorney, and *Loran L. Lewis*, assistant district attorney, for Commonwealth.

*J. I. Simon*, for defendant.

ADAMS, J., October 13, 1950.—Defendant, Louis Schindler, was indicted for perjury and found guilty by a jury. Motions for a new trial and in arrest of judgment have been filed. Only one of the several contentions advanced by defendant need be considered. It is urged that a new trial must be granted because the court failed to instruct the jury concerning the two-witness rule. Although defendant did not request such instruction, we believe that it was fundamental error to fail to give it. A new trial should be granted.

The two-witness rule binds the jury as well as the judge. There is no Pennsylvania case on this point. But we believe the correct rule was stated in Weiler v. United States, 323 U. S. 606, 610, as follows:

"The court below held, and the government argues here, that it is solely the function of the judge finally to determine whether a single witness and sufficient corroborative evidence have been presented to sustain a conviction. Two elements must enter into a determination that corroborative evidence is sufficient: (1) That the evidence, if true, substantiates the testimony of a single witness who has sworn to the falsity of the

alleged perjurious statement; (2) that the corroborative evidence is trustworthy. To resolve this latter question is to determine the credibility of the corroborative testimony, a function which belongs exclusively to the jury. Thus, to permit the judge finally to pass upon this question would enable a jury to convict on the evidence of a single witness, even though it believed, contrary to the belief of the trial judge, that the corroborative testimony was wholly untrustworthy. Such a result would defeat the very purpose of the rule, which is to bar a jury from convicting for perjury on the uncorroborated oath of a single witness. It is the duty of the trial judge, when properly requested, to instruct the jury on this aspect of its function, in order that it may reach a verdict in the exercise of an informed judgment."

The failure of defendant to request the instruction does not bar his right to a new trial. This matter was not considered in the Weiler case; defendant had requested the instruction. The decisions of various jurisdictions are in conflict on the point. See note at 156 A. L. R. 502. In our view, the failure to instruct on the two-witness rule is as likely to be harmful to a defendant as failure to instruct on certain other subjects which, regardless of defendant's failure to request the instruction, require a new trial. In Commonwealth v. Brletic, 113 Pa. Superior Ct. 508, failure to define the character of the burden resting on defendant to establish an alibi was fundamental error. See also Commonwealth v. Jordan, 328 Pa. 439; Commonwealth v. New, 354 Pa. 188. In Commonwealth v. Sharpe, 138 Pa. Superior Ct. 156, 160, a new trial was ordered because the court had failed to charge concerning the uncertain character of identity testimony and the caution with which a jury must consider it.

The motion for a new trial is granted.