## Commonwealth *v.* Collura, Appellant.

18

Argued November 13, 1956. Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Louis C. Glasso,* for appellant.

*Samuel Strauss,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, and *William Claney Smith,* Assistant District Attorney, for appellee.

OPINION BY GUNTHER, J., December 28, 1956:

The defendant, an ex-constable, was tried on ten indictments, six charging robbery and four charging false impersonation of an officer. He was acquitted on

six charges and found guilty on Nos. 96, 97, and 98 February Term, 1956 (O. & T.) charging robbery, and on No. 349 February Sessions, 1956 (Q. S.) charging the misdemeanor of impersonating an officer.

Motion for a new trial assigning the reasons that (a.) the verdict was against the weight of the evidence, and (b) that the charge was prejudicial to the defendant was refused by a court en banc. Defendant was sentenced to pay the costs of prosecution, a fine of one dollar and be committed to the Western Correctional, Diagnostic and Classification Center to undergo imprisonment for a term of not less than five years nor more than ten years. Identical sentences were imposed at Nos. 96, 97, and 98, to run concurrently; sentence was suspended in the case at No. 349.

From these sentences the defendant now appeals.

Counsel for defendant submits for our review statements of three questions involved.

(1) Are the verdicts against the weight of the credible evidence?

(2) Did the court commit reversible error in misquoting certain testimony in its charge?

(3) Did the court in its charge so emphasize the testimony as to commit reversible error?
The court en banc answered the questions in the negative.

Our review of the testimony reveals that the victims in each case were elderly men. They were followed by a person in a car who stopped and ordered them into the car under the pretext that defendant was conducting an investigation. The victims were searched and relieved of their valuables either by force or threats. One of the victims, John Hass, testified that he noted the license number of the car to be 31EEI or F. He identified the defendant in a police stand-up and also identified

him at the trial. John Alexander, another victim, testified that he noted the first four digits of the license number of the car to be 31EE. He identified the defendant in a police stand-up and also identified him at the trial. The victim, Gaetano Catino, identified the defendant at a police stand-up and at the trial. Defendant contends that the evidence, with reference to identification, is incredible and unreliable. The lower court in its opinion, however, specifically points out that the guilty verdicts were returned only in those cases where the victims identified the defendant without hesitation in a police stand-up after the robbery, as well as at the time of trial. In each instance, where guilty verdicts were returned, the crime was committed in broad daylight and the victims had a good look at the defendant.

In *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A. 2d 820, the Court said : "Where the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, even after cross-examination, positive and unqualified, the testimony as to identification need not be received with caution—indeed the cases hold—his (positive) testimony as to identity may be treated as the statement of fact." See *Commonwealth v. Ricci,* 161 Pa. Superior Ct. 193, 54 A. 2d 51; *Commonwealth v. Sharpe,* 138 Pa. Superior Ct. 156, 10 A. 2d 120.

At the trial, one of the victims identified the defendant as follows :

Q. I want you to look at the men and see whether or not you see the man here in the court room.

A. He is sitting right there.

Q. Are you absolutely sure?

A. As there is a God in heaven, there is the man that robbed me.

Credibility of the witnesses is for the jury, and if there is sufficient evidence to sustain a conviction it will not be disturbed by our appellate courts.

There is other testimony to the effect that Valerie Hass, the victim's daughter, testified that the day following the robbery the wife and daughter of the defendant came to their home, and offered to pay the money back if the victim would go to the magistrate and say that he had made a mistake.

In committing the crime in Alexander's case, the defendant posed as a Social Security investigator. He searched the victim and took from him $47.50. The victim stated that he observed the defendant in daylight for fifteen minutes while the crime was being committed.

In the Catino incident, the defendant posed as an F.B.I. agent investigating some trouble in the housing project. He relieved Catino of $48.00. There was no question of identity; the evidence was clear and unmistakable.

Concerning questions 2 and 3, counsel for defendant contends that the court in its charge misquoted and overemphasized the Commonwealth's testimony so as to warrant the granting of a new trial. We have read the charge of the trial judge and find no errors to substantiate defendant's contention on that phase of the case.

In the case of *Commonwealth v. Evancho,* 175 Pa. Superior Ct. 225, 103 A. 2d 289, in an opinion by Judge WOODSIDE, this Court held—"In his charge the judge is not required to review in detail the testimony of the defendant or his witnesses, nor pick out for emphasis that believed by defense counsel to be advantageous to his client." Judge McCREARY in the instant case instructed the jury, inter alia, as follows: "We will say this to you. The mere fact that we make references to certain phases of the testimony, and leave out references

to others, does not mean that you are to disregard the parts concerning which we say nothing. You consider all the testimony whether to make reference to it or not, and if, inadvertently, the judge makes a mistake in his recital of what some witness said from the witness stand, you correct that from your own recollection, because you are the sole judges of the facts."

The function of determining the guilt or innocence of the defendant was left to the jury. A reading of the entire charge will reveal that as a whole it is accurate and fair, and it did not mislead the jury to the defendant's prejudice. In this connection see *Commonwealth v. Patskin,* 372 Pa. 402, 93 A. 2d 704. A charge must be considered in its entirety and error cannot be predicated on certain isolated excerpts from the charge. There is no merit in defendant's contention that the court showed any leaning toward the side of the Commonwealth.

In *Commonwealth v. Chambers,* 367 Pa. 159, 79 A. 2d 201, Justice BELL said: "While the main purpose of a judge is to state and explain the law and briefly review the evidence, it is always the privilege and sometimes the duty of a trial judge to express his own opinion, including his opinion of the weight and effect of the evidence or its points of strength and weakness, or even the guilt or innocence of the defendant and the verdict which, in his judgment, the jury should render, provided (1) there is a reasonable ground for any statement he may make; and (2) he clearly leaves to the jury the right to decide all the facts and every question involved in the case, regardless of any opinion of the court thereon."

The trial judge left to the jury the right to decide the facts, and we find no merit in defendant's contention to warrant a new trial.

Judgment and sentences are affirmed.