Commonwealth *v.* Chambers, Appellant.

254

Argued October 3, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lillian G. Raycroft,* for appellant.

*Charles C. Brown, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, November 12, 1968:

On December 14, 1954, the appellant, Leonard David Chambers (alias Leonard David Soltis), was convicted by a jury of murder in the first degree and punishment was fixed at life imprisonment. No post-trial motions were filed and the judgment of sentence was imposed as the jury directed. No appeal was entered from the judgment.

In April 1965, in habeas corpus proceedings instituted by Chambers, the judgment and conviction were set aside by the lower court and a new trial was or-

dered. The court ruled that Chambers had been denied due process of law by the use at his trial of a guilty plea which he made before the committing magistrate; a plea made without either the assistance of counsel or an effective waiver of his rights.

On October 11, 1967, Chambers was again arraigned before the court and, in the presence of counsel, entered a plea of guilty generally to the charge of murder. Before the plea was accepted, the trial court personally conducted a thorough examination of Chambers so as to make certain that he acted voluntarily in pleading and that he completely understood the nature of the charge and the possible consequences of his plea. On October 23, 1967, a hearing was held before the court to determine the degree of guilt and at its conclusion, Chambers was again found guilty of murder in the first degree. Motions in arrest of judgment and for a new trial were subsequently denied and a sentence of life imprisonment was imposed. This appeal followed.

At the hearing to determine the degree of guilt, evidence of extrajudicial statements made by Chambers was admitted against him. It is now argued that the use of those statements was prejudicial error requiring a new trial, in that they were made when Chambers was in police custody without having been given the warnings mandated by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966). This is the sole assignment of error now advanced.

Assuming, arguendo, that the evidence now challenged should have been excluded, this, in itself, would not vitiate his guilty plea. Such error would require only a new hearing to resolve again the degree of guilt. Cf. *Commonwealth ex rel. Sanders v. Maroney,* 417 Pa. 380, 207 A. 2d 789 (1965) ; *Commonwealth ex rel. Andrews v. Russell,* 420 Pa. 4, 215 A. 2d 857 (1966) ;

*Commonwealth ex rel. Davis v. Russell,* 422 Pa. 223, 220 A. 2d 858 (1966) ; and, *Commonwealth v. Welch,* 425 Pa. 591, 229 A. 2d 737 (1967). But the record discloses that the evidence involved was admitted during the plea proceeding without objection. Under such circumstances, the issue of its admissibility is deemed waived. *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965) ; *Commonwealth ex rel. Sanders v. Maroney,* supra; *Commonwealth ex rel. Smart v. Rundle,* 424 Pa. 315, 227 A. 2d 831 (1967) ; and, *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530 (1967). "The principles governing the need for the timely raising of an issue apply equally to proceedings upon pleas of guilty as well as to trial proceedings." *Commonwealth ex rel. Sanders v. Maroney,* supra, at 383. The hearing in this case proceeded many months after the announcement of the decision in *Miranda,* supra, and if counsel wished to challenge the evidence on the basis thereof, a timely objection should have been interposed.

Judgment affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.