Commonwealth *v.* Bruce, Appellant.

Argued November 14, 1968.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John W. Packel,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Michael Baylson,* Assistant District Attorney, with him *James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 15, 1969:

Harry L. Bruce was charged with assault and battery, aggravated assault and battery, aggravated robbery, indecent assault, assault and battery with intent to ravish, and burglary. On May 25-26, 1966, he was tried before a Judge and jury. The jury returned guilty verdicts on all charges except the charge of indecent assault.

Defendant's post-trial motions for a new trial and for an arrest of judgment were denied. Thereafter, judgment of sentence was entered and defendant appealed to the Superior Court. The Superior Court affirmed per curiam. Defendant filed a petition in this Court for the allowance of an appeal. We granted the petition.

Defendant was accused of breaking into the apartment of Mr. and Mrs. Coscarello and assaulting Mrs. Coscarello and robbing her. She testified that she was alone and sleeping in her apartment and that she was

awakened by noises. She discovered a man standing over her and he stated, "This is a hold-up." She screamed, and he began to beat her viciously on her head with a blunt instrument. He then told her to give him all of her money, and she gave him $10 from her pocketbook. Mrs. Coscarello identified defendant from a series of photographs, and later picked him out of a line-up.

Defendant's defense was that of an alibi. Prior to the trial, he filed a notice under Pennsylvania Rule of Criminal Procedure 312, naming his employer as an alibi witness. At the trial, defendant's employer, called by defendant as his witness, testified that he kept no records of attendance and that he could not be certain whether defendant was working on the job on the day the crime was committed. He further stated that defendant missed several days from work and he could not be certain whether one of those days coincided with the date of the crime.

Defendant then took the witness stand and testified in his own behalf. On cross-examination, he was asked whether his employer had any other employees at the store. Defendant replied, "Yes." The following pertinent questions were asked by the district attorney: "Q. Was that butcher present in the store on a steady basis every single day? A. Yes. Q. Is he in Court today? A. No. Q. If you were working on that Monday [the day of the crime], he would have seen you? A. Yes. Mr. Creskoff: No further questions. Mr. Pepp: The defense rests. Mr. Creskoff: The Commonwealth will offer no rebuttal."

The trial Court charged as follows: "I think something was said about the failure of witnesses to appear. Technically, I must say to you, where there is a situation in a case of an important witness who might have been produced and no explanation is given

as to why that person was not produced, you may infer that had that person appeared, his testimony might not have been favorable to the person who would have called him."

Defendant's sole contention is that the lower Court erred in charging the jury that they could infer that the testimony of an absent witness would be adverse to the defendant. The trial Court did not so charge. Moreover, defendant did not take a general exception to the Court's charge, and took no exception to this portion of the charge. However, in spite of that, we have considered the defendant's contention, and find no merit in it.

Under the trial Judge's charge, the jury would have been permitted to infer that if the absent witness had appeared, that witness's "testimony might not have been favorable to the person who would have called him." In this case, the jury could just as easily have inferred that the testimony of the absent witness might have been unfavorable to the Commonwealth instead of unfavorable to the defendant.

We find no basic or fundamental error.

Judgment of the Superior Court affirmed.

Mr. Justice COHEN dissents.

---

CONCURRING OPINION BY MR. JUSTICE JONES:

I concur in the result only. The defendant, represented by counsel, sat idly by and made no objection to the instruction complained of.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I would decide this case on the basis of the failure by counsel at the trial to except to that portion of the charge to which objection is now made. This should be conclusive of the claim. See *Commonwealth v. Chambers*, 432 Pa. 253, 247 A. 2d 464 (1968); *Com-*

*monwealth v. Simon,* 432 Pa. 386, 248 A. 2d 289 (1968) (opinion in support of the order); *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968) (dissenting opinion). However, I also must point out the inconsistencies in the majority opinion. First, it correctly notes that no objection was made to the charge. Then it proceeds to decide the charge error on its merits, only to indicate by implication that there was no need to reach the substantive question because the error was neither basic nor fundamental. As I said in *Commonwealth v. Johnson,* 433 Pa. 34, 248 A. 2d 840 (1969) (concurring opinion), this Court must consistently apply its own basic and fundamental test to those cases where the error to which objection is made was not raised in the court below. The only reasonable alternative is to adopt the standard which I have urged in both *Simon* and *Williams.* But without doubt it is improper to apply the basic and fundamental error test in some cases and not in others.

I concur in the result.