## Commonwealth v. Kosik, Appellant.

Argued November 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Joseph M. Stanichak,* for appellant.

*James C. Tosh,* Assistant District Attorney, with him *Robert C. Reed,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 30, 1972:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

This is an appeal from a conviction for corrupting the morals of a minor.

At trial it was established that the appellant and one David Debo met two teenage girls at a restaurant. Appellant had known the family of one of the girls all his life, and as a result of that family acquaintance-ship, he and Debo took the girls on an automobile ride to the Greater Pittsburgh Airport. On the trip to the airport the appellant and Debo purchased a bottle of muscatel wine, a bottle of orange-flavored Vodka and two bottles of soda.

The girls testified at appellant's trial that they only drank the soda. Appellant in his testimony stated the same. The Commonwealth called David Debo, who testified that the girls as well as the boys drank the orange-flavored Vodka. At the time of this testimony Debo had plead guilty to the charge of corrupting the morals of a minor for his involvement in this incident, but he had as yet not been sentenced.

The Commonwealth's case depended completely upon Debo's testimony that appellant had furnished the two minor girls with alcoholic beverages. This was in direct conflict with the testimony of the minor girls that they

did not drink any alcoholic beverage while they were in appellant's company.

Nonetheless, the lower court failed to charge the jury that the testimony of Debo, a self-declared accomplice of the appellant, should be viewed as coming from a polluted source and hence viewed with caution. The failure of the court to so charge the jury was error. *Commonwealth v. Bennett*, 220 Pa. Superior Ct. 378, 283 A. 2d 724 (1971). Appellant, however, failed to submit an appropriate point for charge, and he failed to object to the trial court's failure to charge the jury properly.

The question on appeal, therefore, is whether the lower court's failure to charge the jury appropriately was such fundamental error as to require the granting of a new trial. The parameters of the fundamental error doctrine have been summarized in *Commonwealth v. Williams*, 432 Pa. 557, 248 A. 2d 301 (1968). There the Supreme Court stated that an appellate court will order a new trial for a defendant when an error is committed in the course of the trial which deprives the defendant of "fundamental fairness essential to the very concept of justice" both in a constitutional and non-constitutional context.

Fundamental fairness is a concept not subject to express definition. In determining whether a defendant has been denied fundamental fairness, it is necessary to note the surrounding circumstances. I would not state categorically that fundamental error occurs whenever a trial court fails to charge correctly on the weight to be assigned to the testimony of an accomplice. Other evidence may well support the conviction returned by the trial court, and the failure to properly charge on accomplice testimony might be harmless. But where, as in the instant case, the only testimony against the defendant is that of his alleged accomplice, the jury *must* know that such testimony stems from a polluted

source and should be viewed with caution. The failure to so warn the jury, in this context, can never be viewed as harmless or as the strategic and tactical ploy of counsel. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967).

While the doctrine of fundamental error has been applied on a case by case basis [compare *Commonwealth v. Williams*, supra, with *Commonwealth v. Scoleri*, 432 Pa. 571, 248 A. 2d 295 (1968)], our Supreme Court has considered questions raised on appeal concerning the failure of a trial court to give cautionary instructions, notwithstanding that in each such instance defense counsel failed to specifically except to the charge at trial.

In *Commonwealth v. Johnson*, 433 Pa. 34, 248 A. 2d 840 (1969), the Supreme Court reached the question of whether the trial court erred by not charging the jury that identification testimony should be received with caution under the doctrine set forth in *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A. 2d 820 (1954), *cert. denied*, 348 U.S. 875. In *Commonwealth v. Bruce*, 433 Pa. 68, 249 A. 2d 346 (1969), the Court considered the question of the propriety of the trial judge's charge that a missing witness's "testimony might not have been favorable to the person who would have called him." In both *Johnson* and *Bruce*, Justice ROBERTS stressed in his vigorous concurring opinions that both alleged errors were not excepted to by defense counsel. The clear inference, therefore, is that the Court considered the allegations of error in each case to raise basic and fundamental issues.

The Supreme Court restated the fundamental error doctrine in *Commonwealth v. Sisak*, 436 Pa. 262, 259 A. 2d 428 (1969). There the Court dealt with a trial court's failure to instruct the jury that they might find the testimony of a Commonwealth witness to be

that of an accomplice whose testimony would be subject to the corrupt source rule. This is the same allegation as in the instant case. While the Court in *Sisak* was silent about whether this issue was raised properly in the lower court by defense counsel, the dissent by Mr. Chief Justice BELL indicates that no clear exception to that portion of the charge was made.

It is evident from the above cases that where a lower court has failed to give proper cautionary instructions, that error may, in the appropriate circumstances, constitute fundamental error. Such error will require reversal whether or not objected to in the lower court. In the instant case the Commonwealth based its entire argument on the accomplice's testimony, and I would hold, therefore, that in such circumstances the failure of the court below to give cautionary instructions was basic and fundamental error.

For the above reasons I would vacate the judgment of sentence and order a new trial.