Commonwealth *v.* Kosik, Appellant.

Argued March 13, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Peter P. Simoni,* for appellant.

*Frank S. Kelker,* Assistant District Attorney, with him *Joseph S. Walko,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, May 23, 1973:

The appellant, Stephen H. Kosik, was convicted by a jury in Beaver County of corrupting the morals of minors in violation of Section 532 of the Act of June 24, 1939, P. L. 872, as amended, 18 P.S. §4532.[1] Following the denial of post trial motions, Kosik was sentenced

---

[1] Section 532 of the Act of 1939, pertinently provides: "Whoever, being of the age of eighteen years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of eighteen years, or who aids, abets, entices or encourages any such child in the commission of any crime, or who knowingly assists or

to pay the costs of prosecution, a fine of $500, and to undergo imprisonment for a period of not less than forty-five (45) days and not more than six months. The court directed that if the fine and costs were paid, Kosik was to be released at the end of the minimum sentence. On appeal the Superior Court affirmed the judgment of sentence without opinion. Judge HOFFMAN filed a dissenting opinion. See 221 Pa. Superior Ct. 18, 289 A. 2d 184 (1972). We granted allocatur.

From the evidence introduced at trial, the jury was warranted in finding that on the evening of April 15, 1972, Kosik, twenty-two years of age, married and the father of several children, and David Debo, twenty-four years of age, picked up two girls, ages of fifteen and sixteen years respectively, in the Borough of Monaca, Beaver County, and took them for a ride in an automobile owned and operated by Kosik; that the vehicle first stopped at a liquor store in Aliquippa, Beaver County, where Kosik and Debo purchased a bottle of wine and a bottle of vodka, and then proceeded to the Greater Pittsburgh Airport in Allegheny County; that during the trip the girls, as well as the men, consumed part of the vodka; that during the return trip from the airport the automobile ran through a stop sign and was stopped after a chase by the police; that the police observed the interior of the automobile smelled of alcohol, found the vodka bottle in the vehicle and retrieved the wine bottle from the roadside where it had been thrown while they were in the process of apprehending the vehicle.

It is contended Kosik was denied a fair and impartial trial in accordance with due process, because (a)

encourages such child in violating his or her parole or any order of court, is guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1000) or undergo imprisonment not exceeding three (3) years, or both."

the trial judge by his comments and questions displayed partiality and prejudice; (b) the charge of the court was ambiguous; and (c) no cautionary instructions as to credibility were given to the jury with regard to the testimony of Debo who testified as a Commonwealth witness. It is also argued that there was an affirmative duty on the part of the Commonwealth to inform the jury whether or not a promise of leniency had been made to Debo in return for his testifying against Kosik.

As to assignments of error concerning the charge to the jury, an examination of the record discloses that no specific requests were made for additional instructions to the jury, although at the end of the charge counsel were asked by the court if such instructions were desired. Additionally, no exception to the charge was entered of record. Finally, and more importantly, none of the assignments of error advanced on appeal were asserted during the trial or in the post trial motions filed in the trial court. As we have previously stated a multitude of times, we will not entertain issues which were not raised in the trial court, and are raised for the first time on appeal. Cf. *Commonwealth v. Jones*, 446 Pa. 223, 285 A. 2d 477 (1971), and *Commonwealth v. Bittner*, 441 Pa. 216, 272 A. 2d 484 (1971).

Order affirmed.