## Commonwealth *v.* Sparrow, Appellant.

Submitted December 3, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before MIRARCHI, J., without a jury.

*James J. DeMarco,* for appellant.

*James T. Ranney* and *David Richman,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant was tried before the Honorable Charles P. MIRARCHI, Jr., who sitting without a jury, found him guilty of burglary and sentenced him to one to seven years imprisonment. In this appeal from the judgment of sentence, appellant contends that the identification testimony was insufficient to sustain his conviction.

On July 7, 1971 at about 2:25 A.M., Police Officer Leonard Bowen and his partner responded to a radio call alerting them to a burglary at a State Liquor Store on Point Breeze Avenue in Philadelphia. Officer Bowen testified that he saw five males running from the store and gave immediate chase. Officer Bowen distinctly remembered the appellant because he was wearing a white "t" shirt while the other males were fully dressed. He lost sight of the appellant for about five seconds when he rounded a corner. After he turned the corner Officer Bowen testified he saw the appellant running and he continued to run even after Officer Bowen ordered him to stop. Bernard Sparrow was finally apprehended going up the stairs of a house holding his "t" shirt in his hand. Appellant was not carrying any contraband nor were the other four males apprehended.

Appellant contends that the officer's identification depended entirely on the fact that he wore a "t" shirt, and that this fact alone is so weak that his conviction cannot be sustained.

The mere fact, however, that Officer Bowen lost sight of the fleeing suspect for five seconds does not absolutely destroy the probative value of his identification. In view of the time at which the chase occurred, the fact that appellant was running when the officer turned the corner, and was carrying a "t" shirt when apprehended, the inference that appellant was the same person that Officer Bowen was pursuing if not the only reasonable inference is certainly permissible. Moreover, the officer had a relatively good opportunity to observe the suspect at the State Store and during the chase and remained positive of his identification after cross-examination.

Under these circumstances, the officer's testimony if believed by the fact finder was clearly sufficient to sustain appellant's conviction. Mr. Chief Justice JONES in *Commonwealth v. Hickman*, 453 Pa. 427, 430, 309 A. 2d 564 (1973) cites *Commonwealth v. Kloiber*, 378 Pa. 412, 424-425, 106 A. 2d 820, 826, *cert. denied*, 348 U.S. 875 (1954) for a rule that is most appropriate in the instant case: "[w]here the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, even after cross-examination, positive and unqualified, the testimony as to identification need not be received with caution—indeed the cases say that 'his [positive] testimony as to identity may be treated as the statement of a fact': Commonwealth v. Ricci, 161 Pa. Superior Ct. 193, 195, 54 A. 2d 51; Commonwealth v. Sharpe, 138 Pa. Superior Ct. 156, 159, 10 A. 2d 120."

The judgment of sentence of the lower court is affirmed.